UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | CV 23-10564 JGB (PVC) | Date: January 16, 2024 |
| Title | Gilberto Lorenzo Gonzalez v. Neil McDowell, Warden | |

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**PROCEEDINGS:   [IN CHAMBERS] ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED BECAUSE IT IS UNTIMELY AND UNEXHAUSTED**

On December 11, 2023, Petitioner, a California state prisoner proceeding *pro se*, constructive filed a habeas petition pursuant to 28 U.S.C. § 2254. ("Petition," Dkt. No. 1 at 10).[1] The Petition appears to raise a single ground for federal habeas relief: a five-year enhancement violates the Sixth and Fourteenth Amendments "when no violence has been applied due process with a classification committee." (*Id.* at 6; *see also id.* at 5–6 (arguing that "all [V10] have been removed from the initial offense")). However, it appears that Petitioner's claims are subject to dismissal because they are untimely.

---

[1] Under the "mailbox rule," a pleading filed by a *pro se* prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing to the court clerk, not the date on which the pleading may have been received by the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). For ease of reference, when citing to Petitioner's submissions, the Court relies on the CM/ECF-generated pagination on the Court's docket.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 23-10564 JGB (PVC)                                   Date:  January 16, 2024

Title        Gilberto Lorenzo Gonzalez v. Neil McDowell, Warden

**Timeliness**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to the instant Petition because Petitioner filed it after AEDPA's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  AEDPA altered federal habeas litigation by imposing a specific time limit on the filing of federal habeas petitions.  *See Rhines v. Weber*, 544 U.S. 269, 274 (2005).  By creating a limitations period, Congress intended "to reduce delays in the execution of state and federal criminal sentences." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003).

Under 28 U.S.C. § 2244(d)(1), as amended, state prisoners have only one year in which to file their federal habeas petitions.  AEDPA's one-year limitations period begins to run from the latest of:

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).  Here, the applicable limitations period is that set forth in § 2244(d)(1)(A).  A petitioner ordinarily has one year from the date that his conviction becomes final to file a federal habeas petition.  *See* 28 U.S.C. § 2244(d)(1)(A).  A case

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 23-10564 JGB (PVC)                                       Date:  January 16, 2024

Title         Gilberto Lorenzo Gonzalez v. Neil McDowell, Warden

becomes final with "the conclusion of direct review or the expiration of the time for seeking such review." *Id*.

On December 15, 2016, Petitioner pled guilty to attempted murder in Santa Barbara County Superior Court case no. 148115, and he was sentenced to a 13-year term in state prison.  (Pet. at 2).  Because Petitioner did not file an appeal (*id.* at 2–3), his judgment became final for AEDPA purposes on February 13, 2017, 60 days after entry of the judgment.  *See Stancle v. Clay*, 692 F.3d 948, 951 (9th Cir. 2012) (citing Cal. R. Ct. 8.308(a)).  Accordingly, absent tolling, the 28 U.S.C. § 2244(d)(1) limitations period began to run the next day and expired one year later, on **February 14, 2018.**  The instant Petition was not filed until December 11, 2023.  Therefore, absent tolling, it is untimely by *almost six years*.

AEDPA provides a statutory tolling provision which suspends the limitations period for the time during which a "properly filed" application for post-conviction or other collateral review is "pending" in state court.  28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005).  Petitioner asserts, however, that he has not filed any habeas petitions in state court.  (Pet. at 5–8).

If Petitioner wishes to avoid dismissal on timeliness grounds, his response to this Order to Show Cause should identify any errors in the foregoing analysis and provide any additional facts that would permit him to demonstrate that he is entitled to statutory tolling.  *See Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010) ("[The petitioner] bears the burden of proving that the statute of limitations was tolled.").  For example, to claim an entitlement to statutory tolling, Petitioner must identify any relevant state court filing not identified in this Order, such as any habeas petition filed in any state court *prior to the limitations period expiring on February 14, 2018*.  Petitioner must also indicate, to the extent possible, the court in which the state petition was filed, the case number, the date it was filed, and the date on which it was denied.  If possible, Petitioner should attach a copy of any such petition as an exhibit to his response to the Order to Show Cause.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 23-10564 JGB (PVC)                                      Date:  January 16, 2024

Title   Gilberto Lorenzo Gonzalez v. Neil McDowell, Warden

     In addition to statutory tolling, the AEDPA limitations period may also be subject to equitable tolling if the petitioner can demonstrate both: (1) that he has diligently pursued his rights; and (2) that some extraordinary circumstance stood in his way.  *See Holland v. Florida*, 560 U.S. 631, 649 (2010).  "The petitioner must show that the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time."  *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010) (citation omitted).  "The threshold necessary to trigger equitable tolling under the AEDPA is very high, lest the exceptions swallow the rule."  *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006) (citation omitted); *accord Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010).

     Petitioner is advised that he bears the burden of demonstrating an entitlement to equitable tolling.  *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (habeas petitioners have the burden of proof to show both diligence and extraordinary circumstances to warrant equitable tolling); *Rudin v. Myles*, 781 F.3d 1043, 1055 (9th Cir. 2015) (a habeas petitioner "bears a heavy burden to show that she is entitled to equitable tolling"); *see also Holland*, 560 U.S. at 653 ("The diligence required for equitable tolling purposes is 'reasonable diligence,' 'maximum feasible diligence[.]'") (internal citations omitted).  Petitioner must also identify the period or amount of time he contends that the statute of limitations should be equitably tolled.[2]

---

[2] Even if Petitioner is entitled to tolling, Petitioner has not demonstrated that he exhausted his claims in the state courts.  To satisfy the exhaustion requirement, a habeas petitioner must present his federal claims in the state courts to give the state the opportunity to pass upon and correct alleged violations of the prisoner's federal rights.  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *see also O'Sullivan*, 526 U.S. at 845 (habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process).  The petitioner must present his claims to the highest state court with jurisdiction to consider them or demonstrate that no state remedy remains available.  *See Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (*en banc*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 23-10564 JGB (PVC)                                    Date:  January 16, 2024

Title         Gilberto Lorenzo Gonzalez v. Neil McDowell, Warden

**Conclusion and Order**

For the reasons stated above, based upon the Petition as currently submitted, the statute of limitations triggered by 28 U.S.C. § 2244(d)(1)(A) appears to bar this action. Petitioner is therefore **ORDERED TO SHOW CAUSE**, within **30 days** of the date of this Order, why this action should not be dismissed as untimely pursuant to the AEDPA one-year limitations period.  Petitioner is advised to inform the Court of any reason why he may be entitled to statutory or equitable tolling.

After the Court receives a response to the Order to Show Cause, the Court may prepare a Report and Recommendation for submission to the District Judge.  This Order is not dispositive of any of Petitioner's claims.

**Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Petitioner's convenience**.  However, **Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), which, as amended by AEDPA, provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."**

**Petitioner is expressly warned that the failure to file a timely response to this Order to Show Cause may result in a recommendation that this action be dismissed with prejudice for his failure to prosecute and comply with Court orders.  *See* Fed. R. Civ. P. 41(b).**

The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.

IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | mr |